```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,      :
          Plaintiff
                               :

     vs.                       :   CRIMINAL NO. 1:CR-00-50-02

                               :
KENNETH O. SIMMONS, JR.,
          Defendant            :
```

O R D E R

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

      Defendant, Kenneth Simmons, has filed a pro se motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on *United States v. Booker,* ___ U.S. ___, 125 S.Ct. 738 (2005), which makes the federal sentencing guidelines "effectively advisory." 125 S.Ct. at 743.

      Section 3582(c)(2) authorizes a district court to entertain a motion to reduce a sentence if the Sentencing Commission has amended a guideline applicable to his sentence under authority conferred by 28 U.S.C. § 994(o). Section 994(o) authorizes the Commission to revise the guidelines "periodically" based "on comments and data coming to its attention." A defendant can seek relief under section 3582(c)(2) if the Commission specifically makes the amendment retroactive or if it merely

clarifies a guideline. *See United States v. Marmolejos*, 140 F.3d 488, 491 (3d Cir. 1998).

Defendant asserts he can rely on this statutory section because in *Booker* the Supreme Court rendered the guidelines advisory and afforded judges full sentencing discretion. Section 3582(c)(2) does not authorize a district court to reduce a sentence based on a subsequent judicial decision and does not apply here for several reasons. First, section 3582(c)(2) requires an amendment by the Sentencing Commission; it makes no mention of consequences based on court rulings. Second, in *Booker* the Supreme Court did not act pursuant to section 994(o). Instead, it relied on the Fifth and Sixth Amendments in barring a court from enhancing a sentence based upon facts not admitted or found by a jury beyond a reasonable doubt. Further, to remedy the constitutional violation in a way that would be most compatible with Congress's intent in enacting the Sentencing Reform Act, it struck down 18 U.S.C. § 3553(b)(1) and § 3742(e), thereby making the guidelines advisory only. Thus, the Court did not amend the guidelines within the scope of section 3582(c)(2), and we would be acting beyond the authority that statute conferred if we used it here.[1]

---

[1] We also note that any disagreement we may have expressed with the guideline provisions applicable to the Defendant would

Finally, the Defendant has attached an affidavit to his motion indicating that he has provided assistance to the Government in ongoing drug investigations. We have no authority to reconsider Defendant's sentence for this reason. Defendant could contact the United States Attorney who prosecuted his case and advise him of this assistance. The prosecutor may consider filing a motion under Federal Rule of Criminal Procedure 35(b), which would enable the court ro revise the sentence.

Accordingly, this 9th day of May, 2005, it is ordered that Defendant's motion (doc. 272) under 18 U.S.C. § 3582(c)(2) to reduce his sentence is denied.

     /s/William W. Caldwell
William W. Caldwell
United States District Judge

---

not be a basis for relief under the statute.