IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA,      :
        Plaintiff
                               :

        vs.                    :    CRIMINAL NO. 1:CR-00-50-02

                               :
KENNETH O. SIMMONS, JR.,
        Defendant              :
```

*O R D E R*

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On February 22, 2008, Defendant Kenneth O. Simmons filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his sentence under Amendment 706 to the sentencing guidelines. (doc. 275).[1] The Government filed a number of responses, ultimately arguing that Simmons' motion should not be granted because Amendment 706 does not operate to reduce the base offense level applicable to Simmons. (docs. 277, 279, 280). On March 11, 2008,

---

[1] Simmons' motion presents arguments concerning other aspects of his sentence including a claim that the Government did not prove the quantity of crack cocaine beyond a reasonable doubt. We will not address these arguments because proceedings pursuant to 18 U.S.C. § 3582(c)(2) do not constitute a full resentencing but rather are limited to consideration of the effect of a retroactive amendment on the defendant's sentence. *U.S. Sentencing Guidelines Manual* § 1B1.10(a)(3) (2007 supp.). *See also United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002); *United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005) (per curiam) (nonprecedential).

the probation office filed an addendum to the original pre-sentence report, concluding that Simmons is not eligible for a sentence reduction for the same reason.  Appointed counsel for Simmons has also filed a motion to withdraw.  (doc. 281).  We will deny Simmons' motion pursuant to § 3582(c)(2) and grant counsel's motion to withdraw.

The sentence Simmons received on November 29, 2000, included 360 months for crack cocaine offenses.  The sentence was based in part on the Court's determination that Simmons was responsible for more than 40 kilograms of crack cocaine.  As a result, the base offense level for Simmons' guideline range was 38.  *U.S. Sentencing Guidelines Manual* § 2D1.1(c)(1) (1998).  With a criminal history category of V, Simmons' sentencing guideline range was 360 months to life imprisonment.

Amendment 706 to the sentencing guidelines generally reduced the base offense level for crack cocaine offenses by 2 levels.  The Amendment did not, however, reduce the base offense level for quantities of crack cocaine of 4.5 kilograms or more. *See U.S. Sentencing Guidelines Manual* § 2D1.1(c)(1) (2007).  As Simmons' offenses involved more than 40 kilograms of crack cocaine, his base offense level remains 38, the same level used to calculate his original guideline range.  Therefore, the Amendment does not have the effect of lowering the applicable guideline

range.  According to the sentencing guidelines: "A reduction in the defendant's term of imprisonment . . . is not authorized under 18 U.S.C. § 3582(c)(2) if--(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  *U.S. Sentencing Guidelines Manual* § 1B1.10(a)(2)(B) (2007 supp.).  Therefore, we will deny the § 3582(c)(2) motion.[2]

AND NOW, this 25th day of April, 2008, upon consideration of Defendant Kenneth O. Simmons' motion pursuant to 18 U.S.C. § 3582(c)(2) (doc. 275) it is ORDERED that:

    1.  The motion (doc. 275) is denied;

    2.  Appointed counsel's motion to withdraw (doc. 281) is granted.

    /s/William W. Caldwell
    William W. Caldwell
    United States District Judge

---

[2] Based on our determination that Simmons is not eligible for a sentence reduction, we decline his request to hold a hearing.