IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs. : | |
| : | CRIMINAL NO. 1:CR-00-0050-02 |
| KENNETH O. SIMMONS, JR., : | |
| Defendant : | (Judge Caldwell) |
| : | |
| : | |
| : | |

*M E M O R A N D U M*

I. *Introduction*

Defendant, Kenneth O. Simmons, Jr., has filed a pro se motion (Doc. 332) under Fed. R. Crim. P. 36 to correct clerical errors in the judgment of sentence and other documents in the record. The motion is grounded principally on Defendant's belief that the written judgment of sentence conflicts with the oral sentence imposed and that certain documents improperly refer to 21 U.S.C. § 841(b)(1)(B).

II. *Background*

In February 2000, Defendant was charged in a superseding indictment with the following offenses, in pertinent part: (1) in Count One, as amended, conspiracy to distribute and possess with the intent to distribute in excess of 50 grams of cocaine, in violation of 21 U.S.C. § 846; (2) in Count Three, distribution and possession with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2; (3) in Count Five,

possession of a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c); and (4) in Count Seven, being a felon in possession of ammunition or a firearm, or both, in violation of 18 U.S.C. § 922(g).

In June 2000, a jury convicted Defendant on all these counts. A presentence report (PSR) was prepared. It concluded that Defendant's drug quantity was in excess of 40 kilograms of crack cocaine. (PSR ¶ 18). With a total offense level of 38 for at least 1.5 kilograms of cocaine base and a criminal history category of V, Defendant's sentencing guideline range was 360 months to life. (PSR ¶ 61). On November 29, 2000, at his sentencing hearing, the court sentenced Defendant orally as follows:

> Pursuant to the Sentencing Reform Act, it is the judgment of the Court that the defendant Kenneth O. Simmons Junior be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 360 months. This term consists of terms of 360 months on each of Counts I and III and 60 months on Count VII. Said sentence is to be served concurrently.
>
> Further on Count V, the defendant is ordered to serve a term of 60 months imprisonment consecutive to the sentences on Counts I and II.
>
> . . . .
>
> Upon release from imprisonment, the defendant shall be placed on supervised release for a term of ten years. This term consists of terms of ten years on each of Counts I and III and three years on each of Counts V and VII. Said terms to be served concurrently.

(Doc. 332-1, attachment to Rule 36 motion, sentencing transcript, ECF pp. 3 and 4).

-2-

On the same day, the written judgment of sentence was filed. On the first page, it listed the "Title/Section" for Count Three as "21:841(a)(1)(b)(1)(B) & 18:2." (Doc. 332-1, attachment to Rule 36 motion, judgment of sentence, ECF p. 1). In pertinent part, the written judgment read as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 360 months. This term consists of terms of 360 months on each of Counts I and III, and 60 months on Count VII, said sentences to be served concurrently. Further, on Count V, the defendant is ordered to serve a term of 60 months imprisonment consecutive to the sentences on Counts I and II.

(*Id.*, ECF p. 2). The judgment of sentence also provided:

> Upon release from imprisonment, the defendant shall be on supervised release for a term of Ten (10) years. This term consists of terms of ten (10) years on each of Counts I and III, and three (3) years on each of Counts V and VII, said terms to be served concurrently.

(Doc. 162, judgment of sentence, ECF p. 3).[1] The written judgment also noted that the court had accepted the guideline range established in the PSR. (*Id.*, ECF p. 6).

III.  *Relevant Law*

Fed. R. Crim. P. 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or

---

[1] Defendant later filed a 28 U.S.C. § 2255 motion, which resulted in vacatur of his conviction on Count Five. (Doc. 257, memorandum and order, filed August 26, 2003, disposing of 2255 motion). This reduced Defendant's aggregate term of imprisonment to 360 months.

-3-

omission." As the Rule states, it permits corrections to orders or judgments only for clerical errors. *United States v. Bennett*, 423 F.3d 271, 277 n.4 (3d Cir. 2005). It permits corrections in other parts of the record not just for clerical errors but also for errors "arising from oversight or omission." *Id.* (quoting Rule 36).

A clerical error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Bennett*, 423 F.3d at 278 (quoted case and internal quotation marks omitted). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *Id.* (quoted source and internal quotation marks omitted). "Errors arising from oversight or omission are generally corrected to conform to the *intention* of the court or parties at the time the error was made, which may not be reflected in their recorded statements." *Id.* at 277 n.4 (emphasis in original)(quoted source and internal quotation marks omitted).

IV. *Discussion*

It is difficult to understand the nature of Defendant's complaints. Defendant first seems to be arguing that the written judgment of sentence has a clerical error because that judgment does not conform to the oral sentence on two bases. First, the written judgment contains a reference to section 841(b)(1)(B) when it in part listed the "Title/Section" for Count Three as "21:841(a)(1)(b)(1)(B)."[2] Second, the written judgment

---

[2] Section 841(b) sets forth statutory sentencing ranges for violations of section 841(a)(1), which makes it illegal to distribute cocaine base. At the time of Defendant's offense,

contains a reference to the sentencing guideline range, including that the range was 360 months to life.

Rule 36 can be used to correct a written judgment of sentence so that it conforms to the oral sentence, *Bennett*, 423 F.3d at 278, but the written sentence here is the same as the oral one, as shown above, an aggregate term of 360 months. Defendant seems to think there is a clerical error because section 841(b)(1)(B)(iii) applies to a drug quantity in excess of 5 grams but less than 50 grams, when it was shown at trial that his drug quantity was over 40 kilograms of crack cocaine. But there is no clerical error in listing the sentencing provision that the government cited in the indictment in charging a drug quantity. There was also no clerical error in listing the sentencing guideline range, when that range was also based on the drug quantity shown at trial.

Defendant next argues there is clerical error in the docket sheet because the "pending counts" section of the docket sheet for Count Three refers to section 841(b)(1)(B). (Doc. 332-1, ECF p. 6). Defendant maintains that the "pending count" does not conform to the oral sentence. For the reasons given above, we disagree that this is clerical error.

Defendant next argues that the indictment in citing section 841(b)(1)(B) in Count Three does not conform to the charging statute, apparently because his drug quantity was in excess of 50 grams and the indictment should therefore have cited

---

section 841(b)(1)(B)(iii) set forth a sentencing range for offenses involving 5 grams or more of cocaine base. Section 841(b)(1)(A)(iii) governed offenses involving 50 grams or more of cocaine base.

section 841(b)(1)(A).  For the reasons given above, we disagree that this is clerical error or one arising from oversight or omission.

Finally, Defendant argues that the list of violations in the offense and sentencing sections of the PSR list a violation of section 841(b)(1)(B), which he asserts does not conform to the oral sentence.  Defendant does not specify what paragraph of the PSR he is referring to, and we can find no reference to section 841(b)(1)(B) in the PSR except in paragraph 64, which cites it for the proposition that Defendant is not entitled to probation.  In any event, for the reasons given above, we reject Defendant's argument.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 27, 2016