UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, :
:
v. : CASE NO. 1:00-CR-50-2
:
KENNETH O. SIMMONS, JR., :
Defendant :

*M E M O R A N D U M*

*I.  Introduction*

Before the court is Defendant Kenneth O. Simmons, Jr.'s supplemental motion (Doc. 343) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines Manual ("USSG" or "Guidelines").  After careful consideration, we will grant Simmons' motion.

*II.  Background*

In February of 2000, Simmons and co-defendants James Loner, Jr. ("Loner") and Thomas Clayborn ("Clayborn") were charged in a superseding indictment with drug distribution, conspiracy, and weapons offenses.  (Docs. 1, 5).  After a jury trial, Clayborn was acquitted, but Simmons and Loner were found guilty of crack cocaine distribution, conspiracy, and 18 U.S.C. § 924(c) and § 922(g) charges.  (Docs. 120, 121, 124).

Simmons and Loner were sentenced on the same day.  (Docs. 157, 162).  The Presentence Investigation Report ("PSR") for both defendants contained an identical offense conduct section.  (Compare Loner PSR ¶¶ 9-20 with Simmons PSR ¶¶ 9-20).

Each defendant's base offense level was determined to be 38 based on USSG § 2D1.1 "for offenses involving 1.5 kilograms or more of cocaine base [i.e., crack cocaine]." (Loner PSR ¶ 26; Simmons PSR ¶ 26).[1] Loner was found to be a career offender under USSG § 4B1.1. (Loner PSR ¶ 34). Simmons was not. (Simmons PSR ¶ 34). Because Loner's offense level under the career offender guideline was lower than that imposed under § 2D1.1, however, § 2D1.1 was found to control his base offense level determination. (Loner PSR ¶ 34). Loner had a criminal history category of 6, (Loner PSR ¶ 46), while Simmons' criminal history category was 5, (Simmons PSR ¶ 43).

Simmons and Loner received identical sentences: 360 months' imprisonment plus an additional 60-month mandatory consecutive term of imprisonment for the § 924(c) charge, resulting in an aggregate of 420 months for each defendant. (Docs. 157, 162). These sentences were at the bottom of the range provided by the Guidelines, which were mandatory[2] at that time. Simmons' § 924(c) charge was vacated in 2003, leaving him with a sentence of 360 months' imprisonment. (Doc. 257).

In November 2007, the United States Sentencing Commission passed Amendment 706, which reduced the Guidelines' base offense levels for crack cocaine offenses by two levels. See USSG app. C, amend. 706 (Nov. 1, 2007). The Sentencing Commission made Amendment 706 retroactive. USSG app. C, amend. 713 (Supp. May 1, 2008).

Both Loner and Simmons moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706. (Docs. 275, 293, 314). The

---

[1] The 1998 edition of the Guidelines was used to calculate the defendants' sentencing guideline ranges. (Loner PSR ¶ 24, Simmons PSR ¶ 24).

[2] See United States v. Booker, 543 U.S. 220, 233-34 (2005).

2

Government did not oppose Loner's motion, and the portion of his sentence that did not stem from the § 924(c) count was reduced from 360 months to 324 months. (Doc. 320).

The Government initially concurred in Simmons' Amendment 706 motion, (Doc. 279), but subsequently opposed a sentence reduction for him, (Doc. 280). In its response in opposition, the Government contended that because Simmons "was found at his sentencing hearing to be responsible for in excess of 40 kilograms of crack cocaine," his base offense level of 38 would remain unchanged by Amendment 706,[3] thereby making him ineligible for a sentence reduction. (Doc. 280 at 2).

The Federal Public Defender, who had been appointed under a standing order to represent Simmons on his Amendment 706 motion, summarily agreed with the Government's assessment and offered no briefing or argument in opposition. (Doc. 281 at 2). On April 1, 2008, the Public Defender moved to withdraw from Simmons' case for the reasons provided in the Government's response in opposition to Simmons' Amendment 706 motion. (Doc. 281).

On April 25, 2008, this court entered an abbreviated order with background denying Simmons' Amendment 706 motion. (Doc. 284). In that opinion, relying primarily on the parties' agreed-upon position regarding Simmons' drug weight, we determined that because Simmons' sentence "was based in part on [our] determination that Simmons was responsible for more than 40 kilograms of crack cocaine," his base offense level would remain unchanged under Amendment 706. (Doc. 284 at 2). Accordingly, we held that a sentence reduction for Simmons was not authorized due to the constraints of USSG § 1B1.10(a)(2)(B), as Amendment 706 did "not have the effect

---

[3] Following the enactment of Amendment 706, in order to implicate the highest base offense level of 38 under USSG § 2D1.1(c), the required weight of crack cocaine increased from 1.5 kilograms or more to 4.5 kilograms or more. See USSG § 2D1.1(c)(1) (Nov. 1, 2007).

3

of lowering the defendant's applicable guideline range." (Doc. 284 at 3 (quoting USSG § 1B1.10(a)(2)(B))).

In 2014, the Sentencing Commission passed Amendment 782, which reduced the Guidelines' base offense levels for many drug offenses—including crack cocaine—by two levels. See USSG app. C, amend. 782 (Supp. Nov. 1, 2014). The Sentencing Commission made Amendment 782 retroactive as well. USSG app. C, amend. 788 (Supp. Nov. 1, 2014). Under this latest revision of the Guidelines' drug weight table, in order to implicate the highest base offense level—38—the required weight of crack cocaine is at least 25.2 kilograms. USSG § 2D1.1(c)(1) (2014).[4]

Again, both Loner and Simmons filed motions to reduce their sentences under 18 U.S.C. § 3582(c)(2), citing Amendment 782. (Docs. 324, 326). Loner's motion again went unopposed by the Government, and his sentence on the non-§ 924(c) counts was reduced from 324 months to 262 months. (Doc. 329). Loner's amended Guideline range—and probably his revised sentence on the non-§ 924(c) counts—would have been lower but for his status as a career offender. (See Doc. 328; Loner PSR ¶ 34); USSG § 4B1.1(a), (b); USSG Ch. 5 Pt. A.

Simmons initially filed a pro se Amendment 782 motion, (Doc. 324), and, after appointment under a standing order related to Amendment 782, the Federal Public Defender supplemented that motion, (Doc. 343). The Government opposes Simmons' Amendment 782 motion primarily for the same reason it opposed his Amendment 706 motion. The instant motion has been fully briefed and is ripe for disposition.

---

[4] The previous weight of 1.5 kilograms that implicated a base offense level of 38 under the 1998 version of the Guidelines now corresponds to a base offense level of 32. See USSG § 2D1.1(c)(4) (2014); USSG § 2D1.1(c)(4) (2016).

4

*III.  Discussion*

For a district court to be authorized under 18 U.S.C. § 3582(c)(2) to exercise its discretion to reduce a sentence, two requirements must be satisfied. United States v. Thompson, 825 F.3d 198, 203 (3d Cir. 2016). "First, the sentence must have been 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" Id. (quoting 18 U.S.C. § 3582(c)(2)). Second, the sentence reduction must be consistent with Sentencing Commission's applicable policy statements. Id. (citing 18 U.S.C. § 3582(c)(2)).

One such policy statement is USSG § 1B1.10. This section, in pertinent part, explains that when the Sentencing Commission promulgates a retroactive amendment to the Guidelines, a sentence reduction is inconsistent with § 1B1.10, and thus not authorized under § 3582(c)(2), if the amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

If the two requirements of § 3582(c)(2) are met, the district court must then determine whether, after considering the non-exhaustive list of factors in 18 U.S.C. § 3553(a), a sentence reduction for that particular defendant is warranted. 18 U.S.C. § 3582(c)(2). This determination rests within the sound discretion of the sentencing court. United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013).

A.  Simmons is Eligible for Relief Under 18 U.S.C. § 3582(c)(2)

The gravamen of the Government's argument is that Simmons is ineligible for a sentence reduction because he cannot meet the requirements of § 3582(c)(2). The Government contends that "[b]ecause at Simmons' sentencing the Court determined that his offenses involved approximately 43 or 44 kilograms of crack cocaine, his offense level

5

continues to be 38" following Amendment 782. (Doc. 347 at 7). Therefore, the Government continues, because Amendment 782 does not lower Simmons' offense level and thus does not have the effect of lowering Simmons' Guideline range, "he cannot obtain a sentence reduction." (Id.)

Simmons counters that he should be eligible for a sentence reduction under Amendment 782 because he is similarly situated to his co-defendant Loner, who received reductions under Amendments 706 and 782. He maintains that both his and Loner's sentences were based on offenses involving "at least a kilogram and a half of crack cocaine." (Doc. 344 at 12). The only difference, Simmons asserts, is that at his sentencing the court remarked that "if you add it all up I think I get something in the vicinity of 43 or 44 kilograms that could be taken from the testimony of all the witnesses combined," (Doc. 163 at 19), whereas later that afternoon at Loner's sentencing the court stated, "Well, I think the guideline only requires that the evidence establish that [one] and a half kilograms of [crack] cocaine was involved, and the testimony that I heard was many, many times more than [one] and a half kilograms of [crack] cocaine." (Doc. 165 at 19).

The primary issue for the instant motion, then, is whether Simmons' sentence was based on a finding that he was responsible for at least 1.5 kilograms of crack cocaine, or whether it was based on a finding that he was responsible for over 40 kilograms of crack cocaine. It is here that we part ways with our previous decision on Simmons' Amendment 706 motion. After careful review of the record, it is clear that the sentences we imposed on both Simmons and Loner were based on a finding that these similarly situated co-conspirators were responsible for at least 1.5 kilograms of crack cocaine, not any larger amounts that were passingly mentioned at sentencing or in the

6

PSR. To the extent that we held otherwise in our April 25, 2008 order, we find that such a determination was erroneous, and will correct our mistake at this time.

At the time of sentencing for Simmons and Loner, the highest base offense level—38—required 1.5 kilograms or more of crack cocaine. USSG § 2D1.1(c)(1) (1998). Thus, at that time, it mattered little if the defendants were found to be responsible for 1.5 kilograms or, say, 150 kilograms of crack cocaine—the corresponding Guidelines' base offense level would be the same. Id. Like Loner, we based Simmons' sentence on his PSR, in particular that Simmons' base level offense was 38 because he was responsible for at least 1.5 kilograms of crack cocaine. (See Simmons PSR ¶ 26; Doc. 157 at 6).

Our cursory comments during Simmons' sentencing regarding potential higher drug weights were made in response to the Assistant United States Attorney's remarks about the propriety of the sentence; they were not intended to be specific findings of the weight attributable to Simmons. Indeed, the absence of similar comments at sentencing later that day for Loner—a co-defendant who we viewed as similarly culpable and similarly situated to Simmons—only emphasizes that this abbreviated commentary was not meant to be a finding of fact as to Simmons' drug weight. At the time of sentencing, we were confident that the evidence supported that Simmons was responsible for at least 1.5 kilograms of crack cocaine. Because this weight implicated the highest base offense level on the Guidelines' drug weight table, see USSG § 2D1.1(c)(1) (1998), we had no reason to delve into whether higher weights could or should be attributed to Simmons, or Loner, by a preponderance of the evidence.

The equivocal nature of our language at Simmons' sentencing bolsters this determination. Near the end of his sentencing hearing, we remarked that "if you add it all

up I *think* I get something in the *vicinity* of 43 or 44 kilograms *that could be* taken from the testimony of all the witnesses combined." (Doc. 163 at 19 (emphasis added)). We are troubled by the ambivalence of this language insofar as it was later utilized to establish the critical factual finding of the amount of drugs attributable to Simmons. Simply put, our passing comments were not intended to be findings of fact as to the amount of crack cocaine we attributed to Simmons for sentencing purposes.

Moreover, it is quite clear from our other remarks at sentencing that we found Simmons' then-mandatory 35 years-to-life Guideline range to be unreasonable. We expressed, on no less than four occasions, that we were constrained by law to impose such an excessive sentence:

> THE COURT: Well, this is a difficult situation. As a personal matter, I think these penalties in the federal sentencing guidelines are unreasonable. But on the other hand, I have my duty to perform. . . . On a personal level, I hope that [your attorney is] right that there is something wrong here and that these guidelines which I am bound to follow may not apply. . . . Mr. Simmons, this is a very difficult situation I am sure, and it is also difficult for me because I don't know if [your attorney] or anybody else has told you that I am bound to follow the sentencing guidelines that Congress has enacted. . . . While I don't agree with the sentencing guidelines, and I hope somehow that perhaps [your attorney] will be successful on some of these technical arguments that might result in a reduction of your sentence, I am nevertheless bound to impose the sentence required by law.

(Doc. 163 at 8-9, 19-20).

Therefore, we find that Simmons meets the eligibility requirements for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). Because we based Simmons' sentence on a finding that he was responsible for at least 1.5 kilograms of crack cocaine, his sentence was thus based on a sentencing range that has been subsequently lowered by Amendment 782, and a reduction pursuant to this amendment is not

8

inconsistent with USSG § 1B1.10(a)(2)(B). To the extent that we found otherwise in our April 25, 2008 opinion, we repudiate that erroneous determination and set the record straight.[5]

### B. A Sentence Reduction is Warranted Under §§ 3582(c)(2) and 3553(a)

If a defendant is found to be eligible for a sentence reduction, the court must then determine if a reduction is warranted under the circumstances. Section 3553(a) admonishes that the sentence imposed be "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Factors to be considered in this determination include "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed . . .; the kinds of sentences available; the kinds of sentence and the sentencing range established for [] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . ."; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" Id.

A review of Simmons' circumstances demonstrates that many of these factors militate in favor of reducing Simmons' sentence. We find some of the most

---

[5] The Government briefly argues that our prior decision on Simmons' Amendment 706 motion is the "law of the case" and that "Simmons' attempt to relitigate" the issue "is barred by the law of the case doctrine." (Doc. 347 at 8 (citing AL Tech Specialty Steel Corp. v. Allegheny Int'l Credit Corp., 104 F.3d 601, 605 (3d Cir. 1997))). We reject this argument. The AL Tech Specialty Steel Corp. case is inapposite in both procedural posture and substance to the case at hand. Our decision on a previous motion does not bar us from reconsidering the basis for that decision in a future, distinct motion, when necessary. Rather, it is a long-held principle that this court has the inherent power to reconsider questions decided in the same proceeding and is not constrained in this respect by the law of the case doctrine. See Messenger v. Anderson, 225 U.S. 436, 444 (1912); see also Pepper v. United States, 562 U.S. 476, 506-07 (2011) ("T[he law of the case] doctrine directs a court's discretion, it does not limit the tribunal's power. Accordingly, the doctrine does not apply if the court is convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." (second alteration in original) (citations and internal quotation marks omitted)).

9

relevant facts to be as follows: while Simmons was involved in drug distribution, which is a serious offense, his counts of conviction did not involve violent crimes; he is not a career offender and has a lower criminal history category than Loner, who received sentence reductions under Amendments 706 and 782; a sentence in the revised guideline range would still be substantial and reflect the seriousness of the offenses committed, as well as impose sufficient punishment on Simmons; he has satisfied his financial obligations from his conviction; he has obtained his GED while incarcerated; he "has completed over 1,800 hours in numerous education courses" while imprisoned, "including horticulture, culinary services, carpentry, and self[-]improvement courses," (Doc. 349 at 7); and, perhaps most importantly, a sentence reduction would avoid an unwarranted sentencing disparity between Simmons and his similarly situated co-defendant, Loner.

*IV.        Conclusion*

Based on the foregoing analysis, we find that Simmons is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782, and that such a reduction is warranted under the circumstances. Accordingly, we will grant Simmons' supplemental Amendment 782 motion. As such, his amended Guideline range is 188 to 235 months' imprisonment (Total Offense Level of 32 and Criminal History Category of 5). See USSG Ch. 5 Pt. A. We find that a fitting sentence is 220 months' imprisonment. An appropriate order will follow.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge